IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN L. KETTERER | ) | Case No.: _____ |
| 15575 Pomeroy Blvd. | ) | |
| Strongsville, Ohio 44136 | ) | Judge _____ |
| | ) | |
|     *Plaintiff*, | ) | **COMPLAINT** |
| | ) | |
| -vs- | ) | **(Jury Demand Endorsed Hereon)** |
| | ) | |
| | ) | |
| COMMUNICARE HEALTH | ) | |
| SERVICES, INC. | ) | |
| c/o ACFB Incorporated, | ) | |
| Statutory Agent | ) | |
| 200 Public Square, Suite 2300 | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
|     *Defendant*. | ) | |
| _____ | ) | |

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked under federal question jurisdiction provided under 28 U.S.C. §1331, in that Plaintiff's complaint asserts violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §2611, *et seq*. Jurisdiction of this Court is also invoked under supplemental jurisdiction under 28 U.S.C. §1367, in that Plaintiff's state claim is so related to her federal question claims that they form part of the same case or controversy.

2. Venue is proper in this Court under 28 U.S.C. §1391, because Defendant's actions took place in the Northern District of Ohio.

## PARTIES

3. At all times relevant, Plaintiff Karen L. Ketterer ("Ms. Ketterer") resided at 15575 Pomeroy Blvd., Strongsville, Ohio and was employed by Defendant CommuniCare Health Services, Inc.

4. At all times relevant, Defendant CommuniCare Health Services, Inc. ("CommuniCare") is an Ohio corporation with its headquarters located at 4700 Ashwood Drive, Blue Ash, Ohio. CommuniCare operates the Aristocrat Berea Skilled Nursing and Rehabilitation Center located at 255 Front Street, Berea, Ohio. CommuniCare is in the business of operating skilled nursing rehabilitation facilities.

## FACTUAL BACKGROUND

5. Ms. Ketterer had been employed by CommuniCare for 14 years, from on or about August 28, 2000 until her wrongful termination effective on or about July 23, 2014. Prior to her termination, Ms. Ketterer worked as the Human Resources Manager for the Aristocrat Berea Skilled Nursing and Rehabilitation Center ("Aristocrat").

6. During her tenure at CommuniCare, Ms. Ketterer successfully performed her job duties and responsibilities.

7. On or about January 30, 2014, CommuniCare hired Richard DiDomenico as the new Administrator for Aristocrat. Shortly after Mr. DiDomenico began his role as Administrator, Ms. Ketterer complained to Mr. DiDomenico about his discriminatory and retaliatory conduct against two (2) Aristocrat employees who both had disabilities and took leave under the Family and Medical Leave Act of 1993 ("FMLA") for treatment of their disabilities. Mr. DiDomenico's discriminatory and retaliatory conduct, which Ms. Ketterer opposed, included but was not limited to, issuing an unwarranted write-up,

failing to accommodate the employees' disabilities, transferring one employee to another facility an hour away, requiring one employee to submit to an unwarranted drug screen, and attempting to fire the employees because of their disabilities and for exercising their rights under the FMLA. Indeed, when Ms. Ketterer opposed the termination of an employee who was on FMLA to seek treatment for her disability, Mr. DiDomenico demanded that she, "Stop this and just do what I tell you to do," and "you need to stop defending these employees that have miserable lives and do this to themselves."

8. Owing to Ms. Ketterer's opposition to Mr. DiDomenico's discriminatory and retaliatory conduct, Mr. DiDomenico began to retaliate against Ms. Ketterer by ignoring her, no longer seeking her input on HR matters, overly scrutinizing her work, and unnecessarily increasing her work load.

9. In or about the week of June 2nd, 2014, Ms. Ketterer gave Cynthia Cekanski, Regional Director of Operations and Mr. DiDomenico's supervisor, Mr. DiDomenico's 90-Day Evaluation to complete. At that time, Ms. Ketterer complained to Ms. Cekanski that Mr. DiDomenico was not supportive of HR, in that he did not like his personnel decisions to be challenged, and that he chastised her for advocating for the employees. Ms. Cekanski did not question Ms. Ketterer any further about Mr. DiDomenico's discriminatory and retaliatory conduct, but merely stated that she would talk to Mr. DiDomenico.

10. On or about June 10, 2014, Mr. DiDomenico came into Ms. Ketterer's office inquiring as to why she was not working at another related facility as planned. Just as Ms. Ketterer began to explain the circumstances, Mr. DiDomenico began screaming at Ms. Ketterer, calling her "lazy" and yelling, "We are onto to you and your laziness". As a

result of Mr. DiDomenico's verbal assault, Ms. Ketterer suffered a panic attack and went to her doctor. That same day, Ms. Ketterer called Ms. Cekanski complaining that Mr. DiDomenico had created a hostile environment and also wrote an email to Mr. DiDomenico complaining of his discriminatory and retaliatory conduct toward her. The next day, on June 11th, Ms. Ketterer called Gregory T. Keller, Director of Employee and Labor Relations, and complained to him about the hostile work environment created by Mr. DiDomenico.

11. Ms. Ketterer applied for leave under the FMLA. Thereafter, Mr. Keller began insisting that Ms. Ketterer had resigned her position despite Ms. Ketterer's protests, both verbally and in writing, that she had not resigned her position.

12. Without conducting any investigation into her allegations, on June 24, 2014, Mr. Keller wrote Ms. Ketterer claiming again that Ms. Ketterer had resigned her position, that she would be on approved FMLA leave during her 30-day notice period, and that her last day of employment would be July 23, 2014.

## COUNTS I and II
### Violations of 29 U.S.C. §2611, *et seq*. – FMLA Interference and Retaliation

13. Plaintiff reaffirms and realleges Paragraphs 1 through 12 of her Complaint as if fully rewritten herein.

14. At all times relevant to this Complaint, individuals acting on behalf of Defendant were agents and/or employees of Defendant.

15. Defendant is liable for the unlawful acts of its agents and employees directly and/or under the doctrine of *respondeat superior*.

16. Ms. Ketterer is an "eligible employee" as that term is defined by 29 U.S.C.

§2611(2)(A), in that she worked more than 1,250 hours in the previous twelve months.

17. Defendant meets the definition of "employer" as that term is defined by 29 U.S.C. §2611(4).

18. Ms. Ketterer took leave under the FMLA because she suffered from a "serious health condition" as that term is defined by 29 U.S.C. §2611(11).

19. Ms. Ketterer was entitled to leave pursuant to 29 U.S.C. §2612(a)(1).

20. Ms. Ketterer provided Defendant with notice of her need for leave pursuant to 29 U.S.C. §2612(e).

21. Defendant violated 29 U.S.C. §§2612, 2614, and 2615 when it interfered with the exercise of Ms. Ketterer's rights under the FMLA and retaliated against Ms. Ketterer for taking FMLA leave by terminating her.

22. The conduct of Defendant was done maliciously and/or intentionally and with reckless disregard for the rights of Ms. Ketterer.

23. As a direct and proximate result of Defendant's conduct, Ms. Ketterer has suffered and will continue to suffer economic injuries, including but not limited to the loss of salary, benefits, and other privileges and conditions of employment, for which Defendant is liable.

### COUNT III
### Violation of 29 U.S.C. §2615(a)(2) and 29 C.F.R. §825.220
### FMLA Retaliation/Opposing Unlawful Conduct

24. Plaintiff reaffirms and realleges Paragraphs 1 through 23 of her Complaint as if fully rewritten herein.

25. Defendant violated 29 U.S.C. §2615(a)(2) and 29 C.F.R. §825.220 by retaliating against and terminating Ms. Ketterer for opposing Defendant's violations of

the FMLA and/or opposing Defendant's conduct that she reasonably believed to be a violation of the FMLA.

26. The conduct of Defendant was done maliciously and/or intentionally and with reckless disregard for the rights of Ms. Ketterer.

27. As a direct and proximate result of Defendant's conduct, Ms. Ketterer has suffered and will continue to suffer economic injuries, including but not limited to the loss of salary, benefits, and other privileges and conditions of employment, for which Defendant is liable.

## COUNT IV
### Violation of O.R.C. §4112.02(I) – Retaliation

28. Plaintiff reaffirms and realleges Paragraphs 1 through 27 of her Complaint as if fully rewritten herein.

29. During the time that Ms. Ketterer worked for Defendant, she engaged in protected activity by opposing Defendant's unlawful discriminatory conduct against those employees with disabilities.

30. Defendant knew that Ms. Ketterer was exercising her protected rights.

31. Defendant thereafter took adverse employment actions against Ms. Ketterer by retaliating against her and terminating her.

32. There is a causal connection between Ms. Ketterer's exercise of protected rights and Defendant's adverse employment actions.

33. The conduct of Defendant was done maliciously and/or intentionally and with reckless disregard for the rights of Ms. Ketterer.

34.     As a direct and proximate result of Defendant's actions, Ms. Ketterer has suffered damages in an amount to be determined at trial and other reasonably anticipated results, including anxiety and emotional effects.

**WHEREFORE**, Plaintiff Karen L. Ketterer respectfully requests that this Court award damages to Ms. Ketterer and against Defendant in excess of $25,000.00, including all statutory damages, compensatory damages, back pay, and front pay; attorney fees, expenses, and costs of court; pre- and post-judgment interest; and all other relief, whether in law or in equity, which will fully and fairly compensate Plaintiff for her injuries and damages.

        Respectfully submitted,

        */s/ Kami D. Brauer*
        KAMI D. Brauer (#0071030)
        The Law Firm of Kami D. Brauer, LLC
        700 West St. Clair Avenue, Suite 316
        Cleveland, Ohio 44113
        (216) 236-8537 (telephone)
        (216) 621-7810 (facsimile)
        kamibrauer@kdbrauerlaw.com

        *Counsel for Plaintiff*

## JURY DEMAND

A trial by jury is hereby demanded against Defendant on all issues that may be so tried.

                                                          */s/ Kami D. Brauer*
                                                        KAMI D. BRAUER (#0071030)

                                                        *Counsel for Plaintiff*